1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

10

11   CLABRON WILLIAM HINKLES,           )      Case No. CV 05-24 ODW (JWJ)
                                        )
12                     Petitioner,      )
                                        )      **ORDER TO SHOW CAUSE**
13   vs.                                )      **REGARDING**
                                        )      **PETITIONER'S CUSTODY**
14   T.E. VAUGHN, Warden,               )      **AND PAROLE STATUS**
                                        )
15                     Respondent.      )
                                        )
16   _____  )

17

18                    **I.   BACKGROUND**

19        Petitioner Clabron William Hinkles ("Petitioner"), a California state

20   prisoner, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

21   § 2254 ("Petition") challenging the denial of parole to Petitioner.

22        This Court is also in receipt of Petitioner's filing entitled "Notice of Parole

23   Status and New Judgement in Superior Court" (hereinafter "Notice") filed on

24   September 4, 2008.  Attached to Petitioner's Notice is an "Order Re: Writ of

25   Habeas Corpus" dated July 28, 2008 and issued by the Superior Court of

26   California, County of Los Angeles ("7/28/08 Order").  The 7/28/08 Order states,

27   inter alia, that "[t]he Board of Parole Hearings . . . found [P]etitioner suitable for

28   parole after a parole consideration hearing held on June 28, 2007.  This was the

fourteenth subsequent hearing for [P]etitioner.  He has been found suitable for parole five times, but each time the grant has been reversed by the Governor." (7/28/08 Order at 1.)  The Superior Court also stated that "[b]ased on the motive and number of victims, there is some evidence to support the Board's conclusion that the crime was especially heinous, atrocious and cruel.  'However, the test is not whether some evidence supports the reason the [Governor] cites for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety.'  (In re Lee (2006) Cal. App. 4th 1400, 1408.)" (7/28/08 Order at 2-3.)  The Superior Court then went on to state that "[t]he Court finds that there is no evidence indicating the [P]etitioner's release would unreasonably endanger public safety at this time."  (7/28/08 Order at 3.)   The Superior Court then discussed Petitioner's history since the commission of his commitment offenses thirty years ago, noting positive gains, and stated that "[a]ll of these recent positive gains tend to show that the prisoner is currently suitable for parole . . . [t]he offense is . . . no longer some evidence that [P]etitioner continues to pose an unreasonable risk of danger to society."  (7/28/08 Order at 4.)  The Superior Court then ordered that the Parole Board's prior decision denying parole be vacated, and re-instated the hearing panel's June 28, 2007 decision granting parole.  (See id.).  Petitioner states that the California Attorney General filed a Notice of Appeal from the Superior Court 7/28/08 Order on August 7, 2008. (Notice at 1.)  Respondent has not filed any papers in response or opposition to Petitioner's Notice.

This Court's own review of the California Court of Appeal's website reveals that on or about August 8, 2008, the People of California, assumedly represented by the California Attorney General, filed a Notice of Appeal from the Superior Court's 7/28/08 Order.  The Attorney General also filed a Petition for Writ of Supersedeas, seeking a stay of the 7/28/08 Order; and the Court of Appeal stayed the grant of the Superior Court's 7/28/08 Order.  The Court of Appeal appointed

counsel for Petitioner.  However, on October 10, 2008, the Attorney General
voluntarily dismissed the appeal that was filed on August 8, 2008.  The Court of
Appeal's on-line docket states that "Pursuant to [appellant's] request the appeal
filed 8/8/08 is dismissed.  The remittitur shall issue forthwith pursuant to
[California Rules of Court] Rule 8.316(b)(2).  The Petition for Writ of
Supersedeas filed 8/18/078 is dismissed as moot and the stay issued on 8/19/08 is
lifted."

## ORDER

In light of all of the foregoing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.    Petitioner shall have **thirty (30) days from the date of this Order**
to file a document entitled "Response to Order to Show Cause Regarding Custody
and Parole Status" ("Response").  Petitioner's Response shall state what
Petitioner's current custody status is; for example, whether he is still incarcerated
or whether he is out of prison and on parole.  Petitioner's Response shall also
address whether Petitioner intends to maintain the instant habeas corpus action;
and, if so, and if Petitioner is currently on parole, whether there are any other
collateral consequences, apart from the alleged illegal denial of parole, that
Petitioner seeks to redress through the instant action.  Failure of Petitioner to file
such Response may result in an involuntary dismissal of this action pursuant to
Federal Rule of Civil Procedure 41(b) for failure to prosecute.

2.    Respondent shall have **thirty (30) days from the date of service of
Petitioner's Response** to file a Reply to the Response ("Reply to Petitioner's
Response").  The Reply to Petitioner's Response may include any arguments
Respondent wants to make regarding the Response.  The Reply to Petitioner's
Response shall also address Petitioner's custody status and advise this Court
whether Petitioner is currently on parole; and, if Petitioner is on parole, the Reply

1   to Petitioner's Response shall address whether the instant Petition is moot.  If

2   Respondent elects not to file such a Reply to Petitioner's Response, the Court will

3   consider Petitioner's Response without the benefit of a Reply from Respondent.

4          **IT IS SO ORDERED.**

5

6   DATED:  July 6, 2009

7

8

9                                              _____/s/_____

10                                              JEFFREY W. JOHNSON
                                               United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28