1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLABRON WILLIAM HINKLES, | ) | Case No. CV 05-0024-ODW (JEM) |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING FINDINGS, |
| v. | ) | CONCLUSIONS, AND |
| | ) | RECOMMENDATIONS OF UNITED |
| T. E. VAUGHN, Warden, | ) | STATES MAGISTRATE JUDGE |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge.  Respondent has filed Objections to the Report and Recommendation, and the Court has made a de novo determination of those portions of the Report and Recommendation to which Respondent has objected.  The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

"Federal habeas practice, as reflected by the decisions of this Court, indicates that a court has broad discretion in conditioning a judgment granting habeas relief.  Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'"  Hilton v. Braunskill, 481 U.S. 770, 775 (1987).  A habeas remedy "'should put the defendant back in the position he would have been in'" if the constitutional violation

1   never occurred.  <u>Nunes v. Mueller</u>, 350 F.3d 1045, 1057 (9th Cir. 2003) (quoting <u>U.S. v.</u>

2   <u>Blaylock</u>, 20 F.3d 1458, 1468 (9th Cir. 1994)).

3        Accordingly, IT IS HEREBY ORDERED that judgment be entered granting the Petition

4   for Writ of Habeas Corpus as follows:  the Board's July 18, 2003, and February 18, 2005,

5   decisions granting Petitioner parole are reinstated.  Within thirty (30) days of entry of

6   judgment in this case, the Board shall calculate a parole release date for Petitioner in

7   accordance with California law.  The date shall be calculated as if the 2003 and 2005 Board

8   decisions had not been overturned by the Governor.  If the parole release date calculated by

9   the Board has passed, Respondent shall, within ten (10) days after the parole release date is

10  calculated, either release Petitioner from custody, if his applicable parole period has expired,

11  or release Petitioner on parole, subject to the terms and conditions of parole imposed at the

12  2003 and 2005 parole hearings, for that period of his parole term that remains.

13        IT IS SO ORDERED.

14

15

16  DATED:  <u>March 25, 2010</u>

17                                    OTIS D. WRIGHT, II
                                      UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28